Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

55,341-29

This document contains some pages that are of poor quality at the time of imaging.

The State Of Texas

In The Court Of Criminal Appeals Of Texas

At Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2015

Abel Acosta, Clerk

The State Of Texas

VS.

In re Reginald H. Noble,
Relator.

In Criminal District
Court No. 4 Of
Dallas County, Texas
Trial Cause No. F07-50025
WR-55,341

FILED IN
Court of Appeals

JUL 20 2015

Lisa Matz
Clerk, 5th District

Motion For Leave To File
Original Application For Writ Of Mandamus
Tex. R. App. Proc. Rule 72

To The Court Of Criminal Appeals Of Texas: Rule 72

Now Comes, Relator Reginald H. Noble, argue and offer into evidence an Objection against the Hon. Judge Dominique Collins, denying habeas corpus Art 11.05 relief, and submits this, Motion For Leave To File under Tex. R. App. Proc. 72.1 and Rule 72.2, respectfully moves this Honorable Court to grant leave to proceed in this Original Application For Writ Of Mandamus pursuant to Tex. R. App. Proc. 52.1 and Tex. Code Crim. Proc. Ann Art 4.04 is unable to pay court costs and initial filing fees is true and correct under the penalty of perjury, see 28 U.S.C. §1746, for submission for en banc under Tex R. App Proc 72, for want of jurisdiction under Tex. Const. Art. 5, Sec. 5, Tex. R. App. Proc. 72.1 and Rule 72.2, Tex. Gov't Code §22.221(a) on request for a injunctive relief, to remand, see Tex. R. App. Proc. 44.2(a).

The Relator Noble, respectfully moves the Court to grant leave to proceed in this extraordinary matter and the Application to be tendered contemporaneously

1 of 27

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

with this Motion.

## Issue Presented

Ground One: The Hon. Judge Dominique Collins failure to comply with His statutory duty under Tex. Code Crim. Proc. Hon. Art. 11.05 procedure

## Statement Of Fact

On April 17, 2015, the Relator Noble filed a writ of habeas corpus Art. 11.05 to the Criminal District Court No. 4 of Dallas County, TX., argue and offer into evidence an Objection against Judge Dominique Collins, for failure to comply with the Tex. Code Crim. Proc. Hon. Art. 11.05, statute that is a duty imposed on an official by law, one which is clearly fixed and required by law. This judicial misconduct shows to be unequivocal unconstitutional and present, is abuse of discretion.

This judicial misconduct and Judge Collins failure to comply, demonstrate an fundamental miscarriage of justice from cruel and unusual punishment under Art. 1.09 and Tex. Const. Art. I. §13., this extraordinary writ of mandamus is for the Court of Criminal Appeals to inforce its jurisdiction to to order the lower Court to perform its Tex. Code Crim. Proc. Art. 11.05 duty.

## Prayer

Relator Noble prays that this Motion and Application be granted and for Appellate Court to inforce the District Court to perform its ministerial duty In this criminal law matter of a cruelty for justice for relief. Amen

## Certificate Of Service

I, Reginald H. Noble #1095'77, do hereby certify that a true and correct copy of the above Motion has been served on the Hon. Judge Dominique Collins, of District Court No. 4 of Dallas County, TX., and to the Fifth District Court of Appeals, postage pre-paid by the United States mail system. #1095'77

4-8-15
Date

Reginald H. Noble #1095'77

2 of 2 A

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

The State Of Texas
In The Court Of Criminal Appeals Of Texas
At Austin, Texas

In re Reginald H. Noble
        Relator,

Vs.

Hon. Judge Dominique Collins
Criminal District Court No. 4
of Dallas County, Texas,
       Respondent.

Case No. _____
Trial Cause No. F00-50025

Original Application For A Writ Of Mandamus
Tex. Code Crim. Proc. Ann. Art. 4.04
Tex. Const. Art. 5, Sec. 5

To The Court Of Criminal Appeals Of Texas: Rule 12

Now Comes, Relator Reginald H. Noble, applicant, and asks the Court to issue this Original Writ Of Mandamus to Hon. Judge Dominique Collins, respondent, to require the respondent described relief requested, and in support of this application way to show this Honorable Court the following:

## Case History

Relator was convicted of the offense of Agg. Sexual A-V CH/14 and sentenced to life imprisonment in the Texas Department of Criminal Justice. Relator's conviction was affirmed by Court of Appeals in an unpublished opinion, see Noble v. State, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App-El Paso Feb. 14, 2002, pet. ref'd)

## Jurisdiction

Under Tex. Const. Art. 5, Sec. 5, Tex. R. App. Proc. 72 and Tex. Code

1 of 4 CH

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

Crim. Proc. Ann. Art 4.04, Tex. R. App. Proc. Rule 52 Original Proceeding pursuant to Tex. Code Crim. Proc. Ann. Art. 11.05, seeking extraordinary relief from an Original Application For Writ Of Mandamus under Tex. R. App. Proc. 52, for want of jurisdiction under Tex. Code Crim. Proc. Ann. Art. 4.04, Tex. Const. Art. 5, Sec. 5, Tex. R. App. Proc. 72.1 and 72.2, Tex. Code Crim. Proc. Ann. Art 4.02, Tex. Gov't Code §22.221(a). A defendant may file a mandamus petition, to correct judicial action that is clearly contrary to well settled law under Tex. Code Crim. Proc. Ann. Art. 11.05, whether that law is derived from a statute or rule, see ex rel Healey v. McMeans, 884 S.W.2d 772, Tex. Crim. App. 1994) This extraordinary writ of mandamus is an order directing a public official to perform a duty exacted by law and will not issue to enforce a duty that is in any degree debatable, see State ex rel Wade v. Mays, 689 S.W.2d 898 (Tex. Crim. App. 1985).

## Art. 4.04 Extraordinary Proceeding

The writ of mandamus is an ancient Common Law remedy, an original writ issued by a higher Court to command a lower Court to perform a particular duty, which results from the official's station of the party to whom the writ is directed or from the operation of positive law, to do or refrain from doing some act, see In re McAfee, 53 S.W.3d 715, 718 (Tex. App. - Houston [1st Dist.] 2001).

## Issue Presented

Ground One: The Hon. Judge Dominique Collins failure to Comply with his Statutory Duty under Tex. Code Crim. Proc. Ann. Art. 11.05

## Statement Of Fact

On April 17, 2015, the Relator Node filed a writ of habeas corpus under Art. 11.05 to the Criminal District Court No. 4 of Dallas County, TX. argue and enter into evidence an Objection against Judge Dominique

2 of 4 C

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

Collins, for failer or refused to comply with the Tex. Code Crim. Proc. Ann. Art. 11.05 statute, that is a duty imposed on an official by law, one which is clearly fixed and required by law. The judicial misconduct shows to be unequivocal unconstitutional and present, is abuse of discretion. This misconduct act is subject to extraordinary relief, when the law clearly spells out the duty to be performed by an official and this, original application for a writ of mandamus justify this extraordinary remedy when the Relator Nolle has no other adequate legal remedy available and the relief squarted is a ministerial act by the respondent, as opposed to a discretionary one, see State ex rel Wade v. Mays, 689 S.W.2d 898 (Tex. Crim. App. 1985).

Mandamus will lie to review jurisdictional and constitutional defects in a judgment of conviction. The records reveals that the habeas corpus in Art. 11.05 has not been filed by the District Clerk, this judicial misconduct demonstrate an fundamental miscarriage of justice from cruel and unusal punishment under Art. 1.09 and Tex. Const. Art. I, §13.

The original appellate proceeding seeking extraordinary relief is to include the complaint with exhibits under Rule 52.7, the Original Application for Writ Of Mandamus under Art. 4.04 is attached to the Original Application for Writ Of Habeas Corpus under Art. 11.05 for the Criminal Court of Appeals and the Supreme Court of Texas to enforce its jurisdiction to order the lower Court to perform its ministerial Art. 11.05 statute duty.

### Prayer

Wherefore, Promises Made, Relator pray that this Court grant Mandamus relief to compel the District Court to perform its ministerial duty, in this criminal law matter of cruelty, in the name of justice for relief. Amen

3 of 4 C

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

## Unsworn Declaration

I, Relator Reginald H. Noble #1019577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX., according to my belief, declare under penalty of perjury, the fact stated in this Application are true and correct under V.T.C.A. Civ. Prac & Rem. Code § 132.001

7-29-15
Date

Reginald H. Noble #1019577
Reginald H. Noble #1019577

## Certificate Of Service

I, Reginald H. Noble #1019577, do hereby certify that a true and correct copy of the above Application has been forwarded by the United States mail system, postage pre-paid, to the Criminal District Court No.4 of Dallas County, TX., Hon. Dominique Collins

7-29-15
Date

Reginald H. Noble #1019577
Reginald H. Noble #1019577

4 of 4 C

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

STATE OF TEXAS

COUNTY OF POTTER

AFFIDAVIT

BEFORE ME, the undersigned authority, on this date personally appeared applicant who upon being duly sworn, did depose and state;

My name is Reginald H. Noble, and, I am the Relator in the above cause. I have read the above application for mandamus and state that the factual allegations made therein are true and correct.

_____
Applicant / Relator

Unsworn Declaration

I, Reginald H. Noble, am the person undersigned authority, and being competent, verify the statement made in this affidavit, and being persently incarcerated in the William P. Clement Unit in the Potter County, TX, declare under penalty of perjury, that, according to my belief, the facts stated in the above application for mandamus are true and correct, under V.T.C.A. Civil Practice & Remedies Code §132.001-132.003

Executed on this day ___8th___ of July, 2015.

Reginald H. Noble #1095779
Reginald H. Noble #1095779

Certificate Of Service

I, Reginald H. Noble #1095779, hereby, certify that a copy of the above Application For Mandamus was delivered by mail to Respondent at Frank Crowley Courts Bldg. Dallas County, TX, on this 8th day of July, 2015.

Reginald H. Noble #1095779
Reginald H. Noble #1095779

I.

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

The State Of Texas,
In The Court Of Appeals
Fifth District Of Texas At Dallas

The State Of Texas,

Vs.

In re Reginald H. Noble,
Relator.

In Criminal District
Court No. 4 Of
Dallas County, Texas
Trial Cause No. F00-50025

Motion For Leave To File Affidavit Of Indigence
Tex. R. Civ. Proc. 145, 217 Tex. R. App. Proc. 20.1,
Texas Civil Practice & Remedies Code § 132.001(a)

The Relator asks leave to file the attached application for discretionary review without prepayment of court costs and to proceed indigent.

To The Honorable Judge Of Said Court: Rule 12

Comes Now, Relator Reginald H. Noble, declares that I am unable to pay court costs and initial filing fees in this Civil/Criminal Action and request leave of the Court to proceed under this affidavit of indigence. I state that because of my poverty or I am unable to give security therefore; and I believe I am entitled to redress, and will show this Honorable Court the following:

1.) I'm presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, I.D., where I'm not permitted to earn or handle money.

2.) I have no source of income or spousal support.

3.) I currently have $0.00 in my inmate trust account.

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

4.) I neither own nor have any interest in any realty, stocks or bonds or bank accounts, and I have no interest or dividends income from any source. no one assist me with any funds.

5.) Retirement - pensions, annuities or insurance — $0

6.) Disability - social security, insurance payments — $0

7.) Unemployment payments — $0

8.) Rent or home - mortgage payment — $0

9.) Alimony, maintenance, and support paid to others — $0

10.) Taxes — $0

11.) Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months? _No_

12.) Have you paid - or will you be paying - an attorney any money for services in connection with this case? _No_

### Unsworn Declaration

I, Relator Reginald H. Noble, am the person undersigned authority, and being competent, verify the statement made in this affidavit, and being presently incarcerated in the _William P. Clements Unit_ in the _Potter County, TX._ declare under penalty of perjury that, according to my belief, the facts stated in the above affidavit of indigence are true and correct, under _V.T.C.A. Civil Practice & Remedies Code §132.001-132.003_

Executed on this day _8th_ of _July_, _2015_.

_Reginald H. Noble #1019577_

Reginald H. Noble #1019577
Clements Unit
9601 Spur 591
Amarillo, TX. 79107

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

<u>The State Of Texas</u>

<u>The State Of Texas</u>

Vs.

<u>Ex parte Reginald H. Noble,</u>
       Appellant.

<u>In Criminal District
Court No. 1 Of
Dallas County Texas
Trial Cause No. F00-50025</u>

<u>Motion For Leave To File
Out-Of-Time Appeal &
Application For Writ Of Habeas Corpus
Tex. Code Crim. Proc. Ann. Art. 11.05, Art. 4.05</u>

To The Honorable Judge Of Said Court: Art. 2.21

Now Comes, Appellant Reginald H. Noble, argue and offer into evidence an objection against Criminal District Court No. 1 of Dallas County, TX, denying Appellant's <u>habeas corpus Art. 11.07</u> for relief, and submits this Motion For Leave To File, under <u>Tex. Code Crim. Proc. Ann. Art. 11.05 and Art. 4.05</u>, and respectfully moves this Honorable Court to grant leave to file the original <u>Out-Of-Time Appeal Application For Writ Of Habeas Corpus under Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05</u>, to be tendered contemporaneously with this Motion, this Motion is an objection against the <u>Texas Board Of Pardon And Paroles, and Texas Department Of Criminal Justice - Correctional Institution Division</u>, for imprisoned Appellant Noble and for being illegally restrained and confine in his liberty at the <u>William P. Clements Unit in Potter County, TX</u>, this Motion and Application alleges plain errors from the records under <u>Rule 52.1</u>, and in support of same, will respectfully show this Honorable Court the following:

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

## Issue Presented

Ground One: The Appellant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process Of The Eighth Amendment

Ground Two: The Appellant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights

## Statement Of Fact

The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Indictment" of the Sexual A-V CH14 under Tex. Penal Code § 22.021, see Affidavit Exhibit-B and the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Penal Code § 31.07 see Affidavit Exhibit-C and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42 see Affidavit Exhibit-A the statute language dictates that prior conviction explicitly refer to the enhancement for "substantially similar" sex offenses in Texas;

The trial counsel Mr. Bradley K. Lollar's trial strategy of incompetence invoked an actual conflict of interest that was undisputed deficient, by failure to familiarize himself with the sex crime enhancement statute, the trial counsel's failure to object to the State's attorney introducing at trial two prior void enhancement at pre-trial hearing the counsel failed to object under Tex. Code Crim. Proc. Art. 28.01(4), and failed to file motion to set aside an indictment or information under Art. 28.061, this trial counsel's failer to investigate the two paragraphs, constituted ineffective assistance of counsel see Black v. State, 816 S.W. 2d 350 (Tex. Cr. App. 1991), but prejudice is presumed if such

2 of 3 AA

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

an actual conflict of interest is shown even without an objection, see Ex parte Parham, 611 S.W.2d 103 (Tex. Cr. App. 1981). In Moore v. Johnson, 194 F.3d 586, 604 (5th Cir. 1999). The Court is, therefore, no required to conclude or condone unreasonable decisions parading under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel when it appear on the face of the record, Rule 52.1 that counsel made no strategy decision at all, see Cronic, 104 S.Ct. 2039 (1984). The question becomes did the defendant receive a fair trial resulting in a verdict worthy of confidence, see Kyles v. Whitley, 115 S.Ct. 1555 (1995).

## Prayer

Appellant prays that this Honorable Court grant leave in this Motion For Leave To File under Art. 11.25 to proceed in this original application of complaint of being illegally restrained and captive by the above officials, in the name of justice and for relief. Amen

## Unsworn Declaration

I, Reginald H. Noble #1095717, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX., according to my belief, declare under penalty of perjury, the facts stated in this Motion are true and correct under V.T.C.A. Civ. Prac. + Rem. Code § 132.001

1-8-15
Date

Reginald H. Noble #1095717
Reginald H. Noble #1095717

## Certificate of Service

I, Reginald H. Noble #1095717, do hereby certify that a true and correct copy of the above Motion has been forwarded by the United States mail system, postage pre-paid, to the Criminal District Court No. 4 of Dallas County, TX.

1-8-15
Date

Reginald H. Noble #1095717
3 of 3 AA    Reginald H. Noble #1095717

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

The State Of Texas,
In The Court Of Criminal Appeals Of Texas
At Austin, Texas

| The State Of Texas | § | In Criminal District |
| Vs. | § | Court No. 4 Of |
| Ex parte Reginald H. Noble, | § | Dallas County, Texas |
| Appellant. | § | Trial Cause No. F00-50025 |
| | § | WR-55,341-28 |

Motion For Leave To File,
Out-Of-Time Appeal,
Application For Writ Of Habeas Corpus
Tex. R. App. Proc. 72, Tex. Code Crim. Proc. Art. 11.05

To The Court Of Criminal Appeals Of Texas: Rule 72

Now Comes, Appellant Reginald H. Noble, argue and offer into evidence an objection against Criminal District Court No. 4 of Dallas County, Tx. denying Appellant's habeas corpus Art. 11.07, for relief, and submits this Motion For Leave To File under Tex. R. App. Proc. 72 and Tex. Code Crim. Proc. Art. 11.05, and respectfully moves this Honorable Court to grant leave to file the original Application For Writ Of Habeas Corpus under Tex. Code Crim. Proc. Art. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05, to be tendered contemporaneously with this Motion. This Motion is an objection against the Texas Board Of Pardons And Paroles and Texas Department Of Criminal Justice - Correctional Institutions Division, for having Appellant Noble illegally restrained and confined. This Motion and Application alleges errors from the records under Rule 52.1, and in support of same, will respectfully show this

1 of 13 BB

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

Honorable Court the following:

## Issue Presented

Ground One: The Appellant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process And The Eighth Amendment

Ground Two: The Appellant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights

## Statement Of Fact

The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Of Indictment" of Agg. Sexual A-V 22.114 under Tex. Penal Code § 22.021, see Affidavit Exhibit-B. and the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07, see Affidavit Exhibit-C and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A the statute language dictates that prior conviction explicitly refer to the enhancement for substantially similar sex offenses in Texas.

The trial counsel (Mr. Bradley D. Lollar's trial strategy of incompetence, invoked an actual conflict of interest that was undisputed deficient by failure to familiarize himself with the sex crime enhancement statute, the trial counsel's failure to object to the State's attorney introducing at trial, two prior void enhancements. At pre-trial hearing, the counsel failed to object under Tex. Code Crim. Art. 28.01(9) and failed to file motion to set aside an indictment or information under Art. 28.061. This trial counsel's failure to investigate the void prior enhancement paragraphs, constituted ineffective assistance of counsel, see Black v. State, 816

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

S.W.2d 350 (Tex. Cr. App. 1990), but prejudice is presumed if such a actual conflict of interest is shown even without an objection, see Ex parte Parham, 611 S.W.2d 103 (Tex. Cr. App. 1981). In Moore v. Johnson, 194 F. 3d 586, 604 (5th Cir. 1999), The Court is, therefore, no required to condone unreasonable decisions parading under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel when it appear on the face of the record Rule 52.1 that counsel made no strategy decision at all, see Cronic 104 S.Ct. 2039 (1984). The question becomes did the applicant receive a fair trial resulting in a verdict worthy of confidence, see Kyles v. Whitley, 115 S.Ct. 1355 (1995).

### Prayer

Applicant prays that this Honorable Court grant leave in this Motion For Leave To File under Rule 72, to proceed in this Original Application of complaint of being illegally restrained and confined by the above officials, in the name of justice and say he lied. Amen

### Unsworn Declaration

I, Reginald H. Noble #1019577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice in Potter County, TX. according to my belief, declare under penalty of perjury, the facts stated in this Motion are true and correct under, V.T.C.A. Civ. Prac. & Rem. Code #132.001.

7-8-15
Date

_Reginald H. Noble #1019577_
Reginald H. Noble #1019577

### Certificate Of Service

I, Reginald H. Noble #1019577, do hereby certify, that a true and correct copy of the above Motion has been forwarded by The United States mail system, postage pre-paid, to the Criminal District Court No.4 of Dallas County.

7-8-15
Date

_Reginald H. Noble #1019577_
Reginald H. Noble #1019577

3 of 3 BB

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

The State Of Texas
In The Court Of Criminal Appeals Of Texas
At Austin, Texas

Ex parte Reginald A. Noble,
                    Appellant,

Vs.

Texas Board Of Pardons And Paroles,

Vs.

Texas Department Of Criminal Justice-
Correctional Institutions Division,
                    Respondents.

WR-55,349-28
Trial Cause No. F00-50025

Out-Of-Time Appeal
Application For Writ Of Habeas Corpus
Tex. Code Crim. Proc. Ann. Art. 11.05

To The Court Of Criminal Appeals Of Texas: Rule 12,
Now Comes, Appellant Reginald A. Noble, argue and offer into evidence an Objection against the Hon. Judge Dominique Collins in the Criminal District Court No. 4 of Dallas County, TX., denying Appellant's habeas corpus Art. 11.07 for relief, against Art. 11.15 and Art. 11.16, where the District Court has knowledge that a person is illegally restrained and confined in his liberty.

Jurisdiction + Venue

This is an Out-Of-Time complaint, authorized by this Original Application For Writ Of Habeas Corpus under Art. 11.15, pursuant to Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.5 - Art. 11.65, and the Criminal District Court No. 4 of Dallas County, TX. have original jurisdiction in this out-of-time

1 of 7 cc

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

appeal case under Tex. Code Crim. Proc. Ann. Art. 11.05. The Court Of Criminal Appeals, have original jurisdiction under Tex. R. App. Proc. Rule 72, Rule 74, Rule 75, Rule 78(d), Tex. Code Crim. Proc. Ann. Art. 4.04, see Tex. Gov't Code § 22.002(a) and § 22.221(a,b) for submission for En Banc under Tex. R. App. Proc. 41(c) and Rule 79(c) for want of jurisdiction under Tex. Gov't Code § 22.001(a)(2) and § 22.225(b)(3)(c)(d) on request for a injunctive relief, to remand, see Tex. R. App. Proc. 44.1(a) to grant Motion for Leave for A New Trial under Art. 40.001, see Motion To Recuse in Tex. R. Civ. P. 18a(b), Tex. R. C. & Prac. 13, Tex. Civ. Prac. & Rem. Code Chapter 132, § 14.001-14.014 and § 15.001 and benefits. The Appellant, Noble, object, against the Texas Board Of Pardons And Paroles and Texas Department Of Criminal Justice-Correctional Institutions Division, for having Appellant illegally restrained and confined.

At the threshold, the District Court and Court Of Criminal Appeals must decide whether the Due Process Clause of The United States Constitution, forbids the incarceration of an innocent person. It is clear from a void judgment to enhance punishment complaint, that the incarceration of an innocence person is as much a violation of the Due Process Clause as is the execution of such a person. It follows that claims of actual innocence are cognizable by this Court in an original habeas corpus proceeding whether punishment assessed is death or confinement. In either case, such claims raise federal constitutional magnitude, see Ex parte Brave, 102. S.W. 2d 189 (Tex. Crim. App. 1982).

<u>Issue Presented</u>

Ground One: <u>The Appellant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process And The Eighth Amendment</u>

Ground Two: <u>The Appellant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights</u>

2 of 7 cc

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

## Statement Of Fact

Affidavit Exhibit-A, Texas Penal Code §12.42 Penalties For Repeat Habitual Felony Offenders For Enhancement purposes only. Sec. 12.42(c)(2)(B)(ii),
(c)(2) the defendant has been previous convicted of two felony offenses,
(B) at least one of which is an sex offense;
(ii) under Section 22.021 Penal Code;
under the 76th Legislature, ch.62(S.B.318), §15.01, effective Sept. 1, 1999

Facts Supporting Ground One: The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Of Indictment" of Agg. Sexual A-Y/CH14 under Tex. Penal Code § 22.021 under Trial Cause No. F00-50025, see Affidavit Exhibit-B and introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07 under Trial Cause No. F91-7241-UH, see Affidavit Exhibit-C, and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02 in Trial Cause No. F87-79932-KH, see Affidavit Exhibit-D, is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A, and also under Texas Department Of Health And Safety Code, Sec. 841.002(8) (DEF), see Griffin v. State, 81 S.W.3d 510 (Tex. Crim. App. 2002).
Constitutionality of Legislation · · Sex Crimes- Literal language of Tex. Penal Code Ann. § 12.42(c)(2) is clear and straight forward; conviction of one of four violent sexual offenses carries a mandatory punishment of confinement of life if a defendant has previously been convicted of one of eight enumerated offenses, the statute also make clear the Texas Legislature's intent to treat sex offenses more harshly, than other repeat or habitual offenders; the plain language of statute dictates that prior conviction explicitly refer to the enhancement for "substantially similar" offenses in Texas; were the court to apply the plain language of the

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

statute, see Griffith v. State, 116 S.W. 3d 782 (Tex Crim App. 2003).

... Double Jeopardy under Tex. Penal Code Ann. §12.46 Use Of Prior Conviction — the prior convictions for enhancement purposes is a "void judgment to enhance punishment" that violates tone.Will Nobles due process rights against double jeopardy, as guaranteed by the U.S. Const. Amend. V, because enhanced punishment places the defendant in jeopardy of being twice sentence to additional punishment for the previous used for enhancement purposes, see harris v. State, 70 S.W. 3d 294 (Tex. App.-Forth Worth 2002), see Tex. Const. Art. 1 §14 and Tex. Code Crim. Proc. Art. 1.10 - No person for the same offense shall be twice put in jeopardy of life or liberty." U.S. Const. Amend. V.

No statute of limitation - "A void judgment" is one that facially reflects the want of jurisdiction of the Court over the subject matter, because of defects, this renders the "judgment void" to any potency, causing it too be, and to forever remains "limp as a wet rag." "It is a nullity from the beginning, because it does no affect impair or create legal rights. All proceeding founded upon such a judgment are equally worthless, because the judgment can never bind nor ban anyone., A void judgment closely resembles a dead limb on a tree, it can be chopped off at any time! If void, it is not even necessary to take any steps to have it reversed, vacated or set aside. Therefore, in reality, a void judgment is really no judgment and leaves the parties litigant in the same position they where in before trial. In summary a void judgment is coram, no judice or brutum fulmen. Ex parte Spaulding, 687 S.W. 2d 741(Tex. Cr. App. 1985).

Facts Supporting Ground Two: The 291st Judicial Grand Jury of Dallas County TX., did duly organized the "True Billed Indictment" of Agg. Sexual A-V CH.14 under Tex. Penal Code § 22.021, see Affidavit Exhibit-A and the State attorney

introducing two enhancement paragraphs, one of _Unauthorized Use Of A Motor Vehicle_ under Tex. Penal Code § 31.07, see Affidavit Exhibit-C, and the second prior conviction of _Burglary Of A Building_ under Tex. Penal Code § 30.02, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A the statute language dictates that prior conviction explicitly refer to the enhancement for "substantially similar" sex offenses in Texas.

The trial counsel Mr. Bradley K. Lollar's trial strategy of incompetence invoked an actual conflict of interest that was undisputed deficient, by failure to familiarize himself with the sex crime enhancement statute, the trial counsel failure to object to the State attorney introducing at pre-trial hearing, the counsel failed to object under Tex. Code Crim. Proc. Art. 28.01(4) and failed to file motion to set aside an indictment or information under Art. 28.061, this trial counsel failed to investigate the void prior enhancements paragraphs constituted ineffective assistance of counsel, see Black, 816 S.W.2d, 350 (Tex. Cr. App. 1991), but prejudice is presumed it such a actual conflict of interest is shown even without an objection, Ex parte Parham, 611 S.W.2d 103 (Tex. Cr. App. 1981).

In _Moore v. Johnson_, 194 F.3d. 586, 604 (5th Cir. 1999), the Court is therefore, no required to condone unreasonable decisions parading under the umbrella of strategy, or fabricate tactial decision on behalf of counsel when it appear on the face of the records rule 52.1 that counsel made no strategic decision at all, see _Cronic, 104 S.Ct. 2039 (1984)._

The question becomes, did the Applicant receive a fair trial resulting in a verdict worthy of confidence, see _Kyles v. Whitely, 115 S.Ct. 1555 (1995)._

5 of 7 CC

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

In State, ex rel Holmes v. Court Of Appeals, 885 S.W.2d 389 (Tex. Crim. App. 1994), this Court held that, habeas corpus is an appropriate vehicle, to non capital cases, to assert claims of factual or actual innocence based on the record, face under Rule 52.1 and newly discovered evidence. Additionally, the majority alters the Holmes standard, and adopts the standard announced by the Supreme Court in Schlup v. Delo, 115 S.Ct. 851 (1995) (habeas corpus will lie to review jurisdiction and constitutional defects in a judgment of conviction).

What Appellant Noble, want is a new, trial based on a jurisdictional defect under common law that proves my innocence, this, original habeas corpus, Art. 11.05, is an appropriate vehicle that is available to a void judgment complaint against being illegally restrained and confined in my, liberty, the records under Rule 52.1, in this case the sworn affidavit #1, and the affidavit exhibits-A,B,C,D, reveals an Texas and Federal Constitutional errors that is subject to harmless error review of a fundamental, miscarriage of justice, see Murray v. Carrier, 106 S.Ct. 2639 (1986), on request for appointment of counsel in Art. 1.051, for finding of fact against violation of a liberty interest and for relief.

### Prayer

Appellant prays that the Honorable Court grant this original application for an out-of-time appeal under Art. 11.05 to proceed in this complaint of being illegally restrained, and confined by the above officials and grant Appellant a new trial from a violation of a liberty interest in name of justice and for relief. Amen

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

## Unsworn Declaration

I, Reginald H. Noble #1095717, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX., according to my belief, declare under penalty of perjury, the facts stated in this Application are true and correct under V.T.C.A. Civ. Prac. + Rem. Code #132.001

7-8-15
_____
Date

Reginald H. Noble #1095717
_____
Reginald H. Noble #1095717

## Certificate Of Service

I, Reginald H. Noble #1095717, do hereby certify that a true and correct copy of the above Application has been forward by The United States Mail system, postage pre-paid, to the below addresses:

Hon. Judge Dominique Collins
Criminal District Court No. 4
133 N. Riverfront, LB-12
Dallas, TX. 75207-4313

William Stephens, Director
Correctional Institutional Division
P.O. Box 99
Huntsville, TX. 77342-0099

Ms. Bettie L. Wells
Price Daniel, Sr. Bldg.
209 West 14th St., Suite 500
Austin, TX. 78711
Texas Board of Pardons + Paroles

Court Of Criminal Appeals Of Texas
P.O. Box 12308, Capitol Station
Austin, TX. 78711

7-8-15
_____
Date

Reginald H. Noble #1095717
_____
Reginald H. Noble #1095717

22 of 27 CC

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

## Affidavit In Any Fact

STATE OF TEXAS
COUNTY OF POTTER

On this day personally appeared Reginald H. Noble, declare the stated as follows:

My name is Reginald H. Noble, I am otherwise competent, to make this affidavit. My records reflect the indictment and enhancement paragraphs was served to me on June 29, 2000, by a Dallas County jailer. Exhibit-B, "True Bill Of Indictment" of Agg. Sexual A-VCH/14 under Tex. Penal Code §22.021 in Trial Cause No. F02-500025.

Exhibit-C, paragraph: Unauthorized Use Of A Motor Vehicle under Tex. Penal Code §31.07 in Trial Cause No. F91-7841-UK.

Exhibit-D paragraph: Burglary Of A Building under Tex. Penal Code §30.02 in Trial Cause No. F87-77432-KH.

Exhibit-A, Texas Penal Code §12.42 "Penalties For Repeat Habitual Felony Offenders"; the plain language of statute of sex crimes dictates that prior conviction explicitly refer to the enhancement for "substantially similar" offenses in Texas;

### Unsworn Declaration

I, Reginald H. Noble, am the person and being presently incarcerated in the William P. Clements Unit In the Potter County, TX., declare, under penalty of perjury that according to my belief, the facts stated in this Affidavit are true and correct.
V.T.C.A. Civil Practice & Remedy Code §132.001-132.003.

Executed on this day 8th of July, 2015.

Reginald H. Noble #1045771

Reginald H. Noble #1045771

Exhibit #1

#1

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

[Sections 12.36 to 12.40 reserved for expansion]

## Subch. D. EXCEPTIONAL SENTENCES

## PC §12.41. CLASSIFICATION OF OFFENSES OUTSIDE THIS CODE.

For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) "felony of the third degree" if imprisonment in a penitentiary is affixed to the offense as a possible punishment;

(2) "Class B misdemeanor" if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment;

(3) "Class C misdemeanor" if the offense is punishable by fine only.

## PC §12.42. PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENDERS.

*[one provision that will be replaced by another]*

(a)* *[eff. until 01-01-96.]* If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(a)* *[eff. on 01-01-96.]* (1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant

has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(b) If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

(c) If it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

*[one provision that will be replaced by another]*

(d)(1)* *[eff. until 01-01-96.]* If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(d)(1)* *[eff. on 01-01-96.]* If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

(i) under Section 22.021, Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11 or 22.011, Penal Code; and

(B) the defendant has been previously convicted of two felony offenses, at least one of which is an offense:

(i) under Section 43.25 or 43.26, Penal Code;

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or ab... ally; or

Exhibit A

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

FORM 188-B      jae

**DEFENDANT** NOBLE, REGINALD ARLIEGH   BM  12141961          **CHARGE** AGG SEX A-V CH/14

AKA:

**ADDRESS** 3550 E OVERTON RD #1052, DALLAS, TX          **LOCATION** DSO

**FILING AGENCY** TXDPD0000   **DATE FILED** June 14, 2000   **COURT**

**COMPLAINANT** HOBBS, DEPARIS                                    F-0050025

**C/C**

### TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County,

State of Texas, duly organized at the _____ JANUARY _____ Term, A.D. 20 __00__ of the

_291ST JUDICIAL_ District Court _____, Dallas County, in said court at said

Term, do present that one _____ NOBLE, REGINALD ARLIEGH _____ defendant,

on or about the _____31ST_____ day of _____MARCH_____ A.D. 20 __00__ in the County of Dallas and said State did

unlawfully then and there intentionally and knowingly cause the contact and penetration
of the female sexual organ of DEPARIS HOBBS, a child, who was not then the spouse of
defendant, by an object, to-wit: the sexual organ of said defendant, and, at the time
of the offense, the child was younger than 14 years of age,

Exhibit B

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

Form 211—FINAL SHEET

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of the aforesaid offense by the said REGINALD ARLIEGH NOBLE, to-wit: on the 26TH day of MAY, A.D. 1992, in the 265TH JUDICIAL DISTRICT COURT of DALLAS County, Texas, in cause number F91-72411-UR on the docket of said Court, the said REGINALD ARLIEGH NOBLE under the name of REGINALD NOBLE, was duly and legally convicted in said last named Court of a felony, to-wit: UNAUTHORIZED USE OF A MOTOR VEHICLE, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said REGINALD ARLIEGH NOBLE, prior to the commission of the offense hereinbefore charged against him, as set forth in the first paragraph hereof,

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of each of the aforesaid offenses was prior to the commission of the offense set forth in the first paragraph hereof,

Against the peace and dignity of the State.

BILL HILL

_____
Criminal District Attorney, Dallas County, Texas.

_____
Foreman of the Grand Jury

Exhibit C

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

hereof,

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of each of the aforesaid offenses by the said REGINALD ARLIEGH NOBLE, to-wit: on the 17TH day of JULY, A.D. 1987, in the CRIMINAL DISTRICT COURT of DALLAS County, Texas, in cause number F87-77432-KH on the docket of said Court, the said REGINALD ARLIEGH NOBLE under the name of REGINALD ARLEIGH NOBLE, was duly and legally convicted in said last named Court of a felony, to-wit: BURGLARY OF A BUILDING, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said REGINALD ARLIEGH NOBLE, prior to the commission and conviction of the offense hereinbefore charged against him, in the second paragraph hereof, and said commission and conviction set forth in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof,

Against the peace and dignity of the State.

BILL HILL

_____
Criminal District Attorney, Dallas County, Texas.

_____
Foreman of the Grand Jury

